UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN EDWARD REYNOLDS,

                          Petitioner,

            -against-

WARDEN PETRUCCI; THE CAPTAIN;
LT. SUSNEY; LT. DEWIET; LT. SUDDLE,

                          Respondents.

20-CV-3523 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Otisville Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. By order dated June 4, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file an amended petition within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of Iowa of receiving and producing child pornography and enticing a minor to engage in sexual activities, and he was sentenced to concurrent prison terms totaling 384 months). *See United States v. Reynolds*, No. 11-CR-42 (S.D. Iowa Aug. 15, 2012). In this petition, Petitioner alleges that he is being subjected to unconstitutional conditions of confinement. According to Petitioner, he and other prisoners are suffering from illness and "allergy-type symptoms," and are restricted to their cells for long periods of time, because of the presence of mold, "asbestos compounds," leaks, and cold air. Also, there are no marked fire exits. After Petitioner complained, "numerous staff" retaliated against him by placing him in "wrongful segregation" and "shaking down[]" his cell and seizing his property. Petitioner asks for a hearing to present "inmate witnesses," and he seeks "release and discharge of remainder of sentence" and damages. Petitioner asserts that he filed "sensitive BP-10s and BP-9s as part of administrative review process." Petitioner moves for appointment of *pro bono* counsel.

## DISCUSSION

**A.      Petition for Relief Under 28 U.S.C. § 2241**

1.      Grounds and Exhaustion

Petitioner seeks relief under 28 U.S.C. § 2241. Habeas corpus review is available for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition challenging the execution of a prisoner's sentence, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," is properly

brought under § 2241. *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001); *Jabarah v. Garcia,* No. 08–CV–3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("When a federal inmate is challenging the conditions of confinement, the proper vehicle for such a challenge is the federal habeas statute, 28 U.S.C. § 2241."); *Ilina v. Zickefoose*, 591 F. Supp.2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation").[1]

Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a *habeas corpus* petition must specify all of a petitioner's available grounds for *habeas corpus* relief, set forth the facts supporting each of the specified grounds, and state the relief requested. A district court can apply these rules, which are applicable to *habeas corpus* petitions brought under 28 U.S.C. § 2254, to petitions brought under § 2241 as well. *See* Rule 1(b) of the Rules Governing Section 2254 Cases. A petition for federal *habeas corpus* relief must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

While there is no statutory exhaustion requirement for a § 2241 petition, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to *habeas corpus* relief under

---

[1] "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. United States Bureau of Prisons.* 243 F.3d 629, 632 (2d Cir. 2001) (holding that loss of good-time credits is properly challenged under section 2241 because it implicates a liberty interest that must be afforded at least minimal due-process protections). Courts in this Circuit have held, however, that claims based upon the loss of commissary and visitation privileges are not cognizable under § 2241. *See Hernandez v. Lindsay*, No. 08-CV-1495, 2011 WL 3163078, at *3 (E.D.N.Y. July 22, 2011); *Homen v. Hasty,* 229 F. Supp. 2d 290, 297 (S.D.N.Y. 2002); *Hinebaugh v. Wiley,* 137 F. Supp. 2d 69, 76 (N.D.N.Y. 2001).

§ 2241. *See Carmona,* 243 F.3d at 634; *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). A federal prisoner seeking to challenge the conditions of his confinement must first utilize a four-step Administrative Remedy Program developed by the Bureau of Prisons (BOP).

Courts have also found that there are exceptions to the judicially created exhaustion requirement. *See McPherson v. Lamont*, No. 20-CV-0534 (JBA), 2020 WL 2198279, at *6 (D. Conn. May 6, 2020) (finding exhaustion requirement is "amenable to judge-made exceptions") (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). Such exceptions include "futility ('exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue'); incapability ('exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief'); and undue prejudice ('an unreasonable or indefinite timeframe for administrative action may sufficiently prejudice [petitioners] to justify a federal court in taking a case prior to the complete exhaustion of administrative remedies')."*Martinez-Brooks v. Easter*, No. 20-CV-0569 (MPS), 2020 WL 2405350, at *18 (D. Conn. May 12, 2020) (quoting *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)). If the Administration Remedy Program could provide a petitioner with a "genuine opportunity for relief," exhaustion of administrative remedies would not be futile. *See Owusu–Sakyi v. Terrell,* No. 10-CV-507, 2010 WL 3154833, at *5 (E.D.N.Y. Aug. 9, 2010) (finding futility argument of petitioner seeking sentence reduction for harsh conditions of confinement to be unpersuasive because "other available remedies, such as improvement of conditions or transfer, provide a genuine opportunity for relief" and "administrative exhaustion affords the BOP the opportunity to provide the relief").

Petitioner asserts generally that he and other prisoners are being exposed to unsafe conditions of confinement, but his allegations are vague. The petition does not contain facts detailing those conditions or describing how long they have persisted or what their specific effects are on him. Moreover, Petitioner asserts that he faced retaliation after filing complaints, but does not say that he exhausted the BOP's review process. The Court grants Petitioner leave to amend his petition so that it conforms to the requirements of Rule 2(c), and also explains whether he has exhausted these claims with the BOP and, if not, why not.

2.     Relief Sought

A petition for a writ of *habeas corpus* is the proper vehicle for a state prisoner bringing a collateral challenge to his conviction and "seeking an earlier release." *Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006). Here, Petitioner seeks release from custody based on allegedly harsh conditions of confinement, and is not challenging his conviction or sentence. While *habeas* relief may be available to petitioners making claims based on conditions of confinement, the appropriate remedy in that context is relief from those conditions, not release from custody. In other words, release or a sentence reduction is not the type of relief that can be granted in response to claims regarding conditions of confinement. *See, e.g., Boiling v. Terrell,* No. 10-CV-3594, 2011 WL 705396, at *2 (E.D.N.Y. Feb.15, 2011) (noting that the remedy for petitioner's conditions-of-confinement claims, and one that the BOP has authority to grant, is the improvement of his allegedly harsh conditions of confinement, not release).

Petitioner may seek release by filing a motion in his criminal case, in the United States District Court for the Southern District of Iowa, to either modify his sentence, or for compassionate release, under 18 U.S.C. § 3582(c). *See United States v. Needham*, No. 06-CR-911 (WHP), 2020 WL 2512105, at *2 (S.D.N.Y. 2020) (noting that the sentencing court has jurisdiction to entertain a motion for compassionate release); *Jenkins v. United States,* 246 F.R.D.

138, 141 (E.D.N.Y. 2007) (discussing circumstances under which the sentencing court may modify a sentence).

**B.      Damages Claim**

Petitioner also seeks damages, but damages are not available in a *habeas* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). It is unclear if Petitioner intends to style his application solely as a petition for a writ of *habeas corpus* challenging his custody, a civil rights action for damages, or both. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (noting that it is unaware of any "basis . . . for the view that a petitioner may not seek relief under both a *habeas* statute and [42 U.S.C.] § 1983 in a single pleading.").

1.      *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This petition could be construed as a civil action seeking damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].") ; *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015).

The Supreme Court has recognized *Bivens* claims in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55.

The Supreme Court has made it clear that further expanding *Bivens* beyond these three contexts "is now a disfavored judicial activity." *Id.* at 1857 (internal quotations omitted). To determine whether a *Bivens* remedy is available for a constitutional injury, courts engage in a two-step process. First, a court must determine whether the claim falls within one of the recognized *Bivens* actions or whether it presents a new context that is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Id.* at 1859.

Second, if the claim arises in a new context, a court must then consider whether there are "special factor[s] counseling hesitation" in creating a new *Bivens* remedy. *Id.* at 1858. In making that determination, courts must ask "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858.

Plaintiff challenges his conditions of confinement. It is not clear whether conditions-of-confinement claims present a new *Bivens* context; at least one court in this District has declined to expand the *Bivens* remedy to such claims. *See Fernandini v. United States*, ECF 1:15-CV-3843, 150, 2019 WL 2493758, at *10 (S.D.N.Y. Feb. 14, 2019), *report and recommendation adopted in part, rejected in part*, ECF 1:15-CV-3843, 153, 2019 WL 1033797 (S.D.N.Y. Mar. 5,

2019) (declining to extend *Bivens* to conditions-of-confinement claim related to broken toilet, lack of cleaning supplies, and rat infestation).

Even if the Court were to find that a *Bivens* remedy is available, Petitioner has failed to allege facts showing the manner in which the prison officials named in his pleading were personally involved in what occurred, or that the conditions to which he has been exposed rise to the level of a constitutional violation.[2]

2.    Federal Tort Claims Act

The Court also construes Plaintiff's complaint to allege claims for damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C.

---

[2] "The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and *Helling v. McKinney*, 509 U.S. 25, 31(1993)). To establish a constitutional violation with respect to his conditions of confinement, a plaintiff must allege facts showing that: (1) he was incarcerated under conditions that posed an excessive risk to his health or safety, and (2) the defendant acted with deliberate indifference by knowing of and disregarding that risk. *Farmer*, 511 U.S. at 834, 837; *see Rhodes*, 452 U.S. at 347; *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). Only "extreme deprivations" are sufficient to sustain a claim based on conditions of confinement. *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

§§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)).

"Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018) (quoting *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff does not assert any facts suggesting he filed a claim with the BOP for money damages or that he received a final written determination from the BOP.[3] Therefore, he has failed to meet the FTCA exhaustion requirement and his claim must be dismissed. If Plaintiff wishes to pursue an FTCA claim, he must allege facts in the amended complaint indicating that he exhausted his administrative remedies by filing a claim with the BOP and receiving a written determination. He must also name the United States as a defendant.

## C.      Filing Fee

To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. To proceed with most other types of civil actions in this Court, a prisoner must either pay

---

[3] The BOP's Administrative Remedy Program is "not intended to address claims for money damages," and it is not clear "whether a federal inmate can utilize it to exhaust an FTCA claim. *See Ngono v. United States,* ECF 1:17-CV-5517, 30 (VEC) (DCF) (S.D.N.Y. July 6, 2018) (report and recommendation); *Funches v. Reish*, No. 97-CV-7611, 1998 WL 695904, at *2 (S.D.N.Y. Oct. 5, 1998) (the BOP framework does not apply to tort claims, "for which Congress has already established an alternative administrative procedure.").

$400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act (PLRA) requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1).

A prisoner seeking to proceed in this Court without prepayment of fees must also authorize the Court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[4] from the prisoner's prison trust fund account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b); *Bruce v. Samuels*, 136 S. Ct. 627, 628 (2016); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (noting that under the PLRA, "prisoner-litigants granted *in forma pauperis* status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts. 28 U.S.C. § 1915(b)(1). The fees are paid through periodic debits from the plaintiff's prison account, which are forwarded to the court by the custodial agency.") A plaintiff cannot evade the filing fee restrictions imposed upon prisoners by bringing civil rights claims and *habeas* claims in a single pleading. *See, e.g., Taylor v. Supreme Court of New York*, No. 13-CV-4621, 2013 WL 5537133, at *4 (E.D.N.Y. Oct. 7, 2013).

Here, Petitioner filed a § 2241 petition and an IFP application, and the Court granted Petitioner IFP status and waived the $5.00 filing fee. If Petitioner wishes to proceed solely under

---

[4] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

§ 2241 for the purpose of seeking release, he should file an amended § 2241 petition that complies with this order. But if Petitioner seeks both release and damages, or only damages, he must submit a prisoner authorization, which will authorize the Court to deduct the $350 filing fee in installments from his prison trust fund account, and he must submit an amended pleading that complies with this order with respect to any civil rights or tort claims.

## D.   Motion for Counsel

Petitioner requests that the Court appoints him counsel. There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, ECF 1:10-CV-0199, 26, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the request for counsel is denied without prejudice. Petitioner may reapply for appointment of counsel at a later date after he has filed the new petition and the Court has had more of the relevant facts and legal issues presented to it for its consideration.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to this Court's *Pro Se* Office within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition For a Writ Of *Habeas Corpus* Under 28 U.S.C. § 2241 form is attached to this order, which Petitioner should complete as specified above. In the alternative, should Petitioner also wishes to assert civil rights or tort claims and seek damages, his amended pleading should address the issues discussed in this order regarding those claims. He must also sign and return the attached prisoner authorization form, and pay the $350 filing fee.

Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's `Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be dismissed. The motion for counsel is denied without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   July 27, 2020
         New York, New York

                                        *Louis L. Stanton*
                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.  **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                     Page 2
(Rev. 06/13)                                    **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|

v.

The Attorney General of the State of

**AMENDED**
**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:




      (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

      (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?    ❐   Yes        ❐   No

5.    Identify all crimes of which you were convicted and sentenced in this case:








6.    (a) What was your plea? (Check one)

                              ❐   (1)        Not guilty        ❐   (3)        Nolo contendere (no contest)

                              ❐   (2)        Guilty            ❐   (4)        Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury   ❒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes   ❒ No

8.    Did you appeal from the judgment of conviction?

❒ Yes   ❒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒ Yes   ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❏  Yes      ❏  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ❏  Yes      ❏  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes      ❏   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❏  Yes        ❏   No

(2)  Second petition:    ❏  Yes        ❏   No

(3)  Third petition:      ❏  Yes        ❏   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
          laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
          supporting each ground.

          **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
          state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
          forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)        **Direct Appeal of Ground One:**

          (1) If you appealed from the judgment of conviction, did you raise this issue?        ❒   Yes        ❒   No

          (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

          (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ❒   Yes        ❒   No

          (2) If your answer to Question (d)(1) is "Yes," state:

          Type of motion or petition:

          Name and location of the court where the motion or petition was filed:

          Docket or case number (if you know):

          Date of the court's decision:

          Result (attach a copy of the court's opinion or order, if available):

          (3) Did you receive a hearing on your motion or petition?        ❒   Yes        ❒   No

          (4) Did you appeal from the denial of your motion or petition?        ❒   Yes        ❒   No

          (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ❒   Yes        ❒   No

          (6) If your answer to Question (d)(4) is "Yes," state:

          Name and location of the court where the appeal was filed:

          Docket or case number (if you know):

          Date of the court's decision:

          Result (attach a copy of the court's opinion or order, if available):

          (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241

(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes        ❏   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes       ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏  Yes  ❏  No

(4) Did you appeal from the denial of your motion or petition?  ❏  Yes  ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?      ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ❏ Yes    ❏ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❏ Yes    ❏ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ❏ Yes    ❏ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❏ Yes     ❏ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❏ Yes     ❏ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:


or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print      Save As...                    Reset

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

CV _____ (     ) (     )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____

(full name(s) of the defendant(s)/respondent(s))

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)  the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____                    _____
Date                                          Signature

_____                    _____
Name (Last, First, MI)                        Prison Identification #

_____
Address                          City                    State     Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16